1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    RAUL NAVARRETE,                           No. 16-5899 CRB

12              Plaintiff,                       **ORDER GRANTING MOTION TO REMAND**

13       v.

14    RICOH USA, INC. ET AL.,

15              Defendants.
      _____/

16

17         Plaintiff Raul Navarette was hit by a car, fracturing his spine and sustaining additional

18    injuries.  See Notice of Removal (dkt. 1) Ex. 1 (Complaint) ¶ 6.  He provided his employer,

19    RICOH, with his medical records, and inquired about accommodations.  See id. ¶¶ 7–8.

20    Shortly thereafter, RICOH asserted that Plaintiff had abandoned his job, and terminated him.

21    See id. ¶ 9.  Plaintiff brought suit in state court, alleging disability discrimination, failure to

22    provide reasonable accommodation, failure to engage in good faith interactive process,

23    failure to prevent discrimination, and wrongful termination—all state court claims.  See

24    generally id.  Defendant RICOH removed the case to this Court, asserting diversity

25    jurisdiction.  See Notice of Removal ¶¶ 11–12.  Plaintiff now moves to remand, arguing that

26    Defendant cannot establish sufficient facts to support the amount in controversy requirement

27    of 28 U.S.C. § 1332.  See Mot. to Remand (dkt. 10)  The Court finds this matter suitable for

28    resolution without oral argument, pursuant to Civil Local Rule 7-1(b), and vacates the

*United States District Court*
*For the Northern District of California*

**United States District Court**
For the Northern District of California

1   motion hearing currently calendared for December 16, 2016.

2        "[T]he proponent of federal jurisdiction . . . has the burden to prove, by a

3   preponderance of the evidence, that removal is proper." Geographic Expeditions, Inc. v.

4   Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106–07 (9th Cir. 2010).  The removal

5   statute is "strictly construe[d] . . . against removal jurisdiction." Gaus v. Miles, Inc., 980

6   F.2d 564, 566 (9th Cir. 1992) (per curiam).  "Where doubt regarding the right to removal

7   exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins.

8   Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  Notwithstanding Defendant's speculation about

9   extensive attorneys' fees and punitive damages, Defendant has failed to demonstrate that

10  Plaintiff's damages, stemming from the loss of his $14.75 per hour job, see Dixon Decl. (dkt.

11  11-3) ¶ 2, more likely than not exceed $75,000.

12       Accordingly, the Court GRANTS the motion to remand.[1]

13       **IT IS SO ORDERED.**

14

15  Dated: December 5, 2016                                    _____

16                                                             CHARLES  R. BREYER
                                                               UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

---

[1] The Court declines to enter Defendant's requested order requiring Plaintiff to stipulate to seeking less than the jurisdictional minimum. See Opp'n (dkt. 11) at 7.